Affirmed and Memorandum Opinion filed July 12, 2005









Affirmed and Memorandum Opinion filed July 12, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00329-CR

NO.
14-04-00330-CR

NO.
14-04-00331-CR

NO.
14-04-00332-CR

NO.
14-04-00333-CR

NO.
14-04-00334-CR

____________

 

KEITH D. SMITH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause Nos. 975,997;
975,998; 976,117; 976,118; 976,119; 976,121

 



 

M E M O R A N D U M   O P I N I O N

Appellant Keith D. Smith was convicted of
two counts of aggravated assault and four counts of aggravated sexual
assault.  In eight issues, appellant
argues the evidence is legally and factually insufficient to support three of
the aggravated sexual assault convictions, the evidence is legally insufficient
to support a deadly weapon finding for the aggravated assault convictions, and
he received ineffective assistance of counsel. 
We affirm.








Background

On March 29, 2003, appellant lured four
girls, N.G., A.H., C.H., and T.L., all under the age of eight, into a row of
bushes near an apartment playground where the girls were playing.  In the bushes, appellant sexually assaulted
all four girls.  Two of the girls saw
that appellant had a knife, and he told the girls that he would kill them if
they told anyone.

Two brothers, Chris and Kerry Nobles,
passed near the bushes while walking home and saw appellant and the four girls
run out of the bushes.  Chris Nobles
identified the girls as N.G., A.H., C.H., and T.L.  When C.H. arrived home, she was bleeding in the
vaginal area.  Her mother initially
suspected a playground injury and took her daughter to the hospital, where C.H.
received treatment and was released. 
Upon arriving home, C.H.=s mother was
alerted by the other girls= mothers to what
appellant had done.  Later that night,
all four girls were examined at the Children=s Assessment
Center (ACAC@), and two of the
girls had injuries consistent with vaginal penetration.  The girls all indicated that they had been
molested by appellant.

Appellant was arrested soon thereafter and
ultimately convicted by a jury of four counts of aggravated sexual assault and
two counts of aggravated assault.  The
trial judge sentenced appellant to sixty years=
imprisonment.  This appeal followed.

Sufficiency of
the Evidence

In his second through seventh issues,
appellant argues that the evidence is both legally and factually insufficient
to support three of the aggravated sexual assault convictions.  In his first issue, appellant argues the
evidence is legally insufficient to support the deadly weapon finding for his
aggravated assault convictions.








In evaluating a legal‑sufficiency
claim attacking a jury=s finding of guilt, we view the evidence
in the light most favorable to the verdict. 
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App.
2000).  We do not ask whether we believe
the evidence at trial established guilt beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318B19 (1979).  Rather, we determine only whether a rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Cardenas v. State,
30 S.W.3d 384, 389 (Tex. Crim. App. 2000). 
In our review, we accord great deference A>to the
responsibility of the trier of fact [to fairly] resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.=@  Clewis v. State, 922 S.W.2d 126, 133
(Tex. Crim. App. 1996) (quoting Jackson, 443 U.S. at 319).  We presume that any conflicting inferences
from the evidence were resolved by the jury in favor of the prosecution, and we
defer to that resolution.  Id. at
133 n.13.

In conducting a factual‑sufficiency
review of the jury=s determination, we do not view the
evidence Ain the light most favorable to the
prosecution.@  Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Instead, we view the evidence in a neutral
light and inquire whether the jury was rationally justified in finding guilt
beyond a reasonable doubt.  Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  We may find the verdict is factually
insufficient in two ways.  First, when
considered by itself, the evidence supporting the verdict may be too weak to
support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting the verdict, the contrary
evidence may be strong enough that the beyond‑a‑reasonable‑doubt
standard could not have been met.  Id.
at 484B85.  Our evaluation should not intrude upon the
fact‑finder=s role as the sole judge of the weight and
credibility given to any witness=s testimony.  Cain, 958 S.W.2d at 407.

A.H.








In his second and third issues, appellant
argues that the evidence is legally and factually insufficient to support the
conviction for aggravated sexual assault against A.H.  A person commits the offense of aggravated
sexual assault if the person Aintentionally or
knowingly . . . causes the penetration of the anus or sexual organ of a child
by any means; . . . and if . . . the victim is younger than
14 years of age.@  Tex. Pen. Code Ann. ' 22.021
(Vernon Supp. 2004B2005). 
Appellant argues the record does not support a finding that he
penetrated A.H.=s sexual organ with his finger, especially
because it is unclear from A.H.=s testimony and outcry
statement whether the touching occurred inside or outside of A.H.=s clothes.

A.H. was seven years of age at the time of
the offense.  A.H. testified that
appellant touched her Apee-pee hole,@ which referred to
her genitals, while her pants were pulled down. 
A.H. also demonstrated with dolls, which represented her and appellant,
that the male doll touched the sexual organ of the female doll.  During cross-examination of A.H., she at one
point stated that her pants were still on when appellant touched her and later
stated that her pants were only slightly pulled down.  However, on redirect, A.H. again stated that
her pants were pulled down.

Officer Marco Loera of the Houston Police
Department interviewed A.H. at the CAC on the night of the assault and
testified as to A.H.=s outcry statement.  Officer Loera testified that A.H. told him
that she was at the CAC to talk about the man who tried to rape her.  A.H. told Officer Loera that the man asked
her to play the Apull-down-your-pants game@ and that the man
touched her buttocks and tried to kiss her on the lips.  Officer Loera also testified that A.H. told
him that the man had only touched her on the outside of her clothes.

At the CAC, a nurse practitioner
administered exams to all four girls. 
Dr. Rebecca Giradet, a pediatrician who frequently deals with cases of
alleged sexual abuse, reviewed the records of the girls= exams.  Dr. Giradet testified that in response to
standard questions asked during an examination of a suspected child abuse
victim, A.H. said that appellant had touched her privates with his hands, that
appellant made her take her panties off, and that it hurt a lot when he touched
her.  Dr. Giradet testified that A.H.=s genitalia had
redness and abrasions and that in Dr. Giradet=s opinion, these
were the result of a penetrating trauma.








Appellant argues that the record does not
support a finding that he penetrated A.H.=s sexual organ
because of the inconsistencies between the trial testimony of A.H. and Officer
Loera.  In Villalon v. State, 791
S.W.2d 130, 133B34 (Tex. Crim. App. 1990), the Court of
Criminal Appeals held that there is no requirement that a child victim be able
to testify to penetration.  Further,
penetration can be proved by circumstantial evidence.  Id. at 133.  These rules reflect the important public
policy that child victims of violent crimes are not expected to testify with
the same clarity or ability as mature and capable adults.  Id. at 134.

A.H.=s testimony that
appellant touched her Apee-pee hole@ coupled with Dr.
Giradet=s testimony that
A.H. had suffered a penetrating trauma to her genitalia support a finding that
appellant penetrated A.H.=s sexual organ.  See Mosley v. State, 141 S.W.3d 816,
823 (Tex. App.CTexarkana 2004, pet. ref=d) (holding
evidence established penetration where child victim testified that defendant had
touched her outside her clothes but where victim also testified that it hurt
when defendant touched her and where medical testimony established victim had
injuries resulting from penetration). 
Viewing the evidence in a light most favorable to the verdict, we
conclude a rational trier of fact could have found beyond a reasonable doubt
that appellant was guilty of aggravated sexual assault against A.H.  Viewing the same evidence in a neutral light,
we conclude the jury was also rationally justified in finding guilt beyond a
reasonable doubt.  The evidence is
therefore legally and factually sufficient to support appellant=s conviction for
aggravated sexual assault against A.H. 
Appellant=s second and third issues are overruled.

T.L.

In his fourth and fifth issues, appellant
argues that the evidence is legally and factually insufficient to support the
conviction for aggravated sexual assault against T.L.  Specifically, appellant contends that
the record does not support a finding that he penetrated the sexual organ of
T.L.

T.L. was six years of age at the time of
the offense.  T.L. testified that a bad
man, whom she later identified as appellant, touched her on her Apee,@ which referred to
her genitals.  T.L. also said that her
panties were down when she was touched and that it hurt when appellant touched
her.  Also, N.G. testified that appellant
put his finger in T.L.=s Atoo-too,@ which referred to
T.L.=s genitals.








Dr. Giradet testified that when asked who
touched her, T.L. responded that nobody touched her.  When further asked, AWhere did nobody
touch you?@ T.L. pointed to her genitals and said
that it hurt.  T.L. had a vaginal
discharge that Dr. Giradet said would not have been caused by a penetration,
but Dr. Giradet also said that in many abuse cases, there is no physical
evidence of abuse.

The evidence is sufficient to establish
that appellant penetrated T.L.  T.L.
testified that appellant touched her Apee@; she also stated
that it hurt when appellant touched her; and N.G. testified that appellant
touched T.L. in her Atoo-too.@  See Tinker v. State, 148 S.W.3d 666,
669 (Tex. App.CHouston [14th Dist.] 2004, no pet.)
(noting that victim=s Atestimony alone is
sufficient to support the jury=s finding that
sexual contact or penetration did in fact occur@); Jordan-Maier
v. State, 792 S.W.2d 188, 190 (Tex. App.CHouston [1st
Dist.] 1990, pet. ref=d) (AThe testimony of a
sexual assault victim alone is sufficient evidence of penetration, even if the
victim is a child using unsophisticated language to describe the act.@).

Viewing the evidence in a light most
favorable to the verdict, we conclude a rational trier of fact could have found
beyond a reasonable doubt that appellant was guilty of aggravated sexual
assault against T.L.  Viewing the same
evidence in a neutral light, we conclude the jury was also rationally justified
in finding guilt beyond a reasonable doubt. 
The evidence is therefore legally and factually sufficient to support
appellant=s conviction for aggravated sexual assault
against T.L.   Appellant=s fourth and fifth
issues are overruled.

N.G.

In
his sixth and seventh issues, appellant argues that the evidence is legally and
factually insufficient to support the conviction for aggravated assault against
N.G.  Appellant again
complains that the record does not establish that appellant penetrated N.G.=s sexual organ.








N.G. was also
under fourteen years of age at the time of the offense.  N.G. testified that she was playing with the
other girls at the apartment playground when appellant came up and stopped the
swing that she was on.  N.G. said that
appellant Aput his finger inside [T.L.=s] too-too,@ which referred to
T.L.=s genitals.  N.G. then stated that appellant did that to
N.G., too, and that it hurt when appellant touched her.  Officer Loera testified that N.G. told him
that appellant had touched her Aon@ her privates, but
not Ainside.@

Dr. Giradet testified that N.G. said that
appellant touched her on her Atoo-too@ with his hands
and that appellant made her take her panties off.  N.G. also said during the exam that the
touching hurt.  Dr. Giradet testified
that N.G.=s exam revealed no abrasions, redness, or bruising
to her genitalia, but that this did not necessarily indicate that she had not
been touched.

For the same reasons that the evidence is
sufficient to establish that appellant penetrated T.L.=s sexual organ,
the evidence, namely N.G.=s testimony that appellant put his finger
in T.L.=s Atoo-too@ and that he did
it to N.G., too, is also sufficient to establish that appellant penetrated N.G.=s sexual
organ.  See Tinker, 148 S.W.3d at
669; Jordan-Maier, 792 S.W.2d at 190. 
Viewing the evidence in the light most favorable to the verdict, we
conclude a rational trier of fact could have found beyond a reasonable doubt
that appellant was guilty of aggravated sexual assault against N.G.  Viewing the same evidence in a neutral light,
we conclude the jury was also rationally justified in finding guilt beyond a
reasonable doubt.  The evidence is
therefore legally and factually sufficient to support appellant=s conviction for
aggravated sexual assault against N.G. 
Appellant=s sixth and seventh issues are overruled.

Deadly Weapon Finding








In his first issue, appellant argues the
evidence is legally insufficient to support the 
deadly weapon finding for his convictions of aggravated assault against
A.H. and N.G.  The
underlying assault with which appellant was charged was threatening both A.H.
and N.G. with imminent bodily injury.  An
assault becomes an aggravated assault when, among other things, the person Auses or exhibits a
deadly weapon during the commission of the assault.@  Tex.
Pen. Code Ann. ' 22.02(a)(2) (Vernon Supp. 2004B2005).  A Adeadly weapon@ is Aa firearm or
anything manifestly designed, made, or adapted for the purpose of inflicting
death or serious bodily injury; or . . . anything that in the manner of its use
or intended use is capable of causing death or serious bodily injury.@  Id. ' 1.07(a)(17).  Appellant was charged with using and
exhibiting a knife during the commission of the assaults.

A.H. testified that during the assault,
appellant had a knife in his pocket, that it was brown and silver, and that it
was big.  N.G. also testified that she
saw the brown and black handle of a knife in appellant=s pocket.  Officer Loera testified that when he
interviewed N.G., she told him that appellant had a Ascary@ knife and that he
had threatened to kill her if she told anyone what happened.  Officer Loera also said that A.H. told him
that appellant said he would kill her if she told anyone what happened.

Appellant argues that the evidence is
insufficient to establish that the knife was a deadly weapon because there is
no testimony establishing that appellant brandished the knife, no testimony as
to the size or appearance of the blade, and no testimony establishing the
victims= fear of imminent
bodily injury or death.  However, in McCain
v. State, 22 S.W.3d 497 (Tex. Crim. App. 2000), the Court of Criminal
Appeals found the evidence to be legally sufficient to establish a knife as a
deadly weapon where the victim of a robbery saw the handle of a knife
protruding from the assailant=s pocket and was
worried that he might cut her with it, even though the assailant never used or
mentioned the knife during the attack.  See
id. at 499, 503.








In the instant case, the presence of a
knife coupled with appellant=s threats to kill
A.H. and N.G. is legally sufficient evidence for a factfinder to conclude that
the Aintended use@ for the knife was
that it be capable of causing death or serious bodily injury.  Hence, the evidence is sufficient to
establish the knife was a deadly weapon under the circumstances.  We must also determine whether appellant Aused or exhibited@ the knife during
the encounter.  Because the knife was
partially exposed, we find that a factfinder could rationally conclude that the
knife was exhibited during appellant=s encounter with
A.H. and N.G.  See id. at 503 (noting
that Athe factfinder
could rationally conclude . . . at least, that [the knife=s] presence was
used by appellant to instill in the complainant apprehension, reducing the
likelihood of resistance during the encounter@).  Having found the evidence legally sufficient
to support the deadly weapon finding, appellant=s first issue is
overruled.

Ineffective
Assistance of Counsel

In his eighth issue, appellant argues that
he received ineffective assistance of counsel due to his counsel=s failure to
object when the trial court allegedly commented on the evidence.  The standard by which ineffective assistance
claims are governed is found in the U.S. Supreme Court=s pronouncement in
Strickland v. Washington, 466 U.S. 668 (1984).  The Court of Criminal Appeals adopted the
two-part Strickland test in Hernandez v. State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986).  To prove
ineffective assistance, appellant must show that (1) trial counsel=s representation
fell below an objective standard of reasonableness, based on prevailing
professional norms, and (2) the result of the proceeding would have been
different but for trial counsel=s deficient
performance.  Strickland, 466 U.S.
at 687B96; Thompson v.
State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  There is a strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance.  Thompson, 9 S.W.3d at 813.  To defeat this presumption, A>any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.=@  Id. at 814 (quoting McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).  Without specific explanations for counsel=s decisions, a
record on direct appeal will rarely contain sufficient information to evaluate
an ineffective assistance claim.  See
Bone v. State, 77 S.W.3d 828, 830, 833 (Tex. Crim. App. 2002); Thompson,
9 S.W.3d at 813B14 (noting that when the record contains
no explanation for counsel=s decisions, an
appellate court should be hesitant in deciding whether the Amotivation behind
counsel=s actions@ was Aof strategic
design or the result of negligent conduct@).








At the conclusion of N.G.=s testimony, the
trial judge said, AAll right. 
You did great.  Thank you.@  Appellant claims that this was an improper
comment on the weight of the evidence to which appellant=s counsel should
have objected.  Appellant further
contends that he received ineffective assistance due to counsel=s failure to
object.

There is nothing in the record indicating
counsel=s reason for not
objecting to the trial court=s comment.  Without deciding whether the comment by the
court was improper, we find that appellant has failed to overcome the
presumption that counsel=s actions were the result of reasonable trial
strategy.  Accordingly, appellant=s eighth issue is
overruled.

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed July 12, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).