Affirmed and Memorandum Opinion filed January 20, 2009








Affirmed and Memorandum Opinion filed January 20, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00930-CR

____________

 

KERRY DANE SENIOR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th
District Court

Harris County, Texas

Trial Court Cause No. 1067194

 



 

M E M O R A N D U M   O P I N I O N

Appellant Kerry Dane Senior appeals his conviction for
sexual assault, claiming the evidence is factually insufficient to support his
conviction.  We affirm.

I.        Factual and Procedural Background

The complainant met appellant at a party.  Some of the
guests at the party, including appellant and the complainant, spent the night
at the party hostess=s home.  The complainant went to sleep
beside her friend Melissa on the living room floor.  








The complainant awoke when she felt someone=s hand inside her
underwear.  She saw appellant laying beside her, facing her, and he was
touching her vagina.  She denied giving him consent to touch her like that. 
She claimed that when appellant realized she was awake, he removed his hand and
pretended to be asleep.  She explained that she hit him but that appellant
continued to act as if he were sleeping.  The complainant told her friend, the
hostess of the party, what happened.  The hostess confronted appellant and asked
him to leave her home.  Appellant could not find a ride home from the party,
and the hostess and the complainant later gave him a ride.

The complainant filed a police report within two weeks and
provided a written statement for the authorities.  Appellant was charged with
sexual assault by intentionally and knowingly causing the penetration of the
complainant=s female sexual organ with his finger, without the
complainant=s consent.  Appellant pleaded Anot guilty.@  At the trial
that followed, both appellant and the complainant described the events on the
night in question.  The jury found appellant guilty as charged.  The trial
court assessed punishment at two years= confinement.  In
a single issue, appellant challenges his conviction, claiming factual
insufficiency of the evidence.

II.       Factual Sufficiency

Appellant claims that the evidence is factually
insufficient because appellant=s testimony conflicted with the
complainant=s account of events and because no physical evidence
or witnesses could corroborate the complainant=s account. 








When
evaluating a challenge to the factual sufficiency of the evidence, we view all
the evidence in a neutral light and inquire whether we are able to say, with
some objective basis in the record, that a conviction is Aclearly wrong@ or Amanifestly unjust@ because the great weight and
preponderance of the evidence contradicts the jury=s verdict.[1] 
Watson v. State, 204 S.W.3d 404, 414B17 (Tex. Crim. App. 2006).  It is not
enough that this court harbor a subjective level of reasonable doubt to
overturn a conviction that is founded on legally sufficient evidence, and this
court cannot declare that a conflict in the evidence justifies a new trial
simply because it disagrees with the jury=s resolution of that conflict.  Id.
at 417.  If this court determines the evidence is factually insufficient, it
must explain in exactly what way it perceives the conflicting evidence greatly
to preponderate against conviction.  Id. at 414B17.  Our evaluation should not
intrude upon the fact finder=s role as the sole judge of the weight and credibility given
to any witness=s testimony.  See Fuentes v. State, 991
S.W.2d 267, 271 (Tex. Crim. App. 1999).  Unless the court is issuing a memorandum opinion, in
conducting a factual‑sufficiency review, we address the evidence
appellant claims is most important in allegedly undermining the jury=s verdict.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

A person commits the offense of sexual assault if that
person knowingly or intentionally causes the penetration of the anus or sexual
organ of another person by any means without consent.  Tex. Penal Code Ann. ' 22.011(a)(1)(A)
(Vernon Supp. 2008). 








Appellant complains that there is no physical evidence or
witnesses to prove he committed the charged offense.  Generally, a complainant=s testimony alone
is sufficient to support a conviction for sexual assault.  See Tex. Code Crim. Proc. Ann. art. 38.07
(Vernon 2005); Tinker v. State, 148 S.W.3d 666, 669 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  In this case, the complainant described how she woke up
to see appellant and feel his fingers moving inside her vagina.  She denied
giving him consent to touch her in this way.  She not only told authorities
about the incident, but she immediately told her friends.  Her written
statement that she gave to authorities closely tracked her trial testimony in
describing the incident.  Moreover, physical evidence is not required when, as
in this case, the complainant provided ample testimony to establish that a
sexual assault occurred.  See Tinker, 148 S.W.3d at 669.  Similarly, a
police investigator testified that this is not the sort of case in which DNA or
medical records would confirm whether a sexual assault took place, as there are
not typically visible injuries.  The investigator testified that sexual assault
victims often do not report an incident immediately.

To the extent that appellant complains the complainant=s testimony
conflicts with his account, in which he denied involvement, the jury, as trier
of fact, is the sole judge of the credibility of the witnesses, and the weight
to be given the evidence.  See Cain v. State, 958 S.W.2d 404, 409 (Tex.
Crim. App. 1997).  The jury could have accepted or rejected any or all of the
evidence on either side and reconciled conflicts in the testimony.  See
Fuentes, 991 S.W.2d at 271; Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986).  Appellant points the following evidence as undermining
the jury=s verdict:  (1)
testimony that his face had no marks or redness to indicate that the
complainant hit him, (2) Melissa, who was sleeping on the floor next to the
complainant, was not aware of what had happened until later, (3) the
complainant waited two weeks before reporting the incident, (4) the complainant
and the hostess offered appellant a ride home after the incident, and (5) his
testimony that the complainant and her friends laughed at him during a break in
the trial.  A fact-finder=s decision is not manifestly unjust simply
because it resolved conflicting views of evidence in favor of the State.  See
Cain, 958 S.W.2d at 410; Herrero v. State, 124 S.W.3d 827, 835 (Tex.
App.CHouston [14th
Dist.] 2003, no pet.).  When the evidence is viewed in a neutral light, we
cannot say with some objective basis in the record that appellant=s convictions are
clearly wrong or manifestly unjust because the great weight and preponderance
of the evidence contradicts the jury=s verdict.  See
Bargas v. State, 252 S.W.3d 876,889 (Tex. App.CHouston [14th
Dist.] 2008, no pet.).  Therefore, the evidence is factually sufficient to
support appellant=s conviction.  See Rachell v. State,
No. 14-05-00122-CR, 2006 WL 1081286, at *4 (Tex. App.CHouston [14th
Dist.] Apr. 13, 2006, pet. ref=d) (mem. op., not designated for
publication).  Accordingly, we overrule appellant=s sole issue on
appeal.

 








The trial court=s judgment is
affirmed.

 

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Panel consists of
Justices Frost, Brown, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Because a factual-sufficiency review begins with the
presumption that the evidence supporting the jury=s verdict is legally sufficient, and because appellant challenges only
the factual-sufficiency of the evidence, appellant effectively concedes that
the evidence is legally sufficient to sustain the conviction.  See Santellan
v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997); Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996).