**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00048-CR**
_____

**DALLAS WAYNE HEMMENWAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 260th District Court**
**Orange County, Texas**
**Trial Cause No. D210372-R**

**MEMORANDUM OPINION**

A jury convicted Dallas Wayne Hemmenway of the second-degree felony offense of intoxication manslaughter, and pursuant to a post-conviction agreement, the trial court sentenced him to ten years, suspended, and placed him on community supervision. *See* Tex. Penal Code Ann. § 49.08. Hemmenway filed a Motion for New Trial based on alleged juror misconduct, among other things, which was denied

1

by operation of law.[1] In three issues, Hemmenway complains: 1) during the guilt or innocence phase, the jury entered into an improper agreement to find him guilty in exchange for probation as punishment, constituting jury misconduct that affected the outcome of the case and resulted in an improper guilty verdict; (2) the trial court committed reversible error in excluding evidence offered by appellant that would "indisputably" have established the jury only found him guilty because of an agreement regarding punishment, constituting reversible jury misconduct; and (3) Texas Rule of Evidence 606(b) is unconstitutional as applied to him in that it denied him due process of law to establish jury misconduct as contemplated by Texas Rule of Appellate Procedure 21.3(c) and (g). For the reasons discussed below, we affirm the trial court's judgment.

## BACKGROUND[2]

The evidence at trial showed that after a night of drinking, Hemmenway and his brother, Tyra, were traveling home in Hemmenway's truck. The evidence at trial showed the vehicle left the roadway and hit a tree. Trooper Michael Priest testified

---

[1]At the outset of the appeal, we questioned our jurisdiction. The record establishes, however, that on November 2, 2023, the trial court sentenced Hemmenway and signed the original written judgment. On December 1, 2023, Hemmenway timely filed a Motion for New Trial.

[2]Hemmenway does not attack the sufficiency of the evidence or any evidentiary rulings during the trial, so we limit our background discussion accordingly. *See* Tex. R. App. P. 47.1 (requiring appellate court to hand down an opinion "as brief as practicable" but addressing every issue raised and necessary to the appeal's final disposition).

that the vehicle was "heavily-damaged[,]" and it appeared to be a "very high-speed impact." Corporal William Cowart of the Orange County Sheriff's Office also responded and testified that the vehicle was traveling at a high rate of speed. Tyra was ejected and died at the scene from multiple blunt force trauma injuries. Hemmenway suffered minor injuries, and an ambulance transported him to the hospital. Trooper Priest testified that Hemmenway could have been ejected, although he saw no serious injuries indicating Hemmenway was ejected from the vehicle at a high rate of speed.

There was conflicting evidence about who was driving. Bodycam video admitted at trial showed that after telling officers Tyra was driving, Hemmenway admitted to Priest that he was driving, and Cowart testified that Hemmenway indicated to him at the scene that he was in the driver's seat. DNA evidence showed that Tyra was the sole contributor to blood found on the passenger side airbag, and Hemmenway was excluded as a contributor to the blood tested on the airbag. Testimony and toxicology results established that more than two hours after the accident, Hemmenway's blood alcohol content was .241, which is about three times over the legal limit.

Dylan Mooney, a witness from the gathering where the brothers drank alcohol before the accident, testified that when they first drove off, Dallas was in the driver's seat with Tyra in the passenger's seat. Mooney said that once the brothers got down

3

the driveway and to the main road, they stopped and cussed at each other about switching seats. According to Mooney, at that point, Tyra got in the driver's seat, and "they burned off."

A jury found Hemmenway guilty of intoxication manslaughter as charged in the indictment, a second-degree felony. After the guilty verdict, the State and Hemmenway entered a post-conviction sentencing agreement wherein punishment was assessed at ten years of confinement, suspended, and Hemmenway was placed on community supervision for ten years.[3] Per the probation order, Hemmenway also had to serve 120 days in jail, which would be scheduled on weekends.

## MOTION FOR NEW TRIAL AND HEARING

Hemmenway filed a Motion for New Trial, and as relevant to this appeal, he complains of juror misconduct. In the Motion, he argues that a new trial must be granted in the "interests of justice" due to juror misconduct. Hemmenway asserts that jurors discussed punishment "frequently" during guilt/innocence, and it was "used as a way to sway jurors that had initial vote of 'not guilty' into a vote of 'guilty' because the guarantee that probation would be given in the punishment phase." He notes that the court's charge instructed the jurors that "your sole duty at this point is to determine whether the defendant has been proved guilty. You must restrict your

---

[3]In exchange, Hemmenway waived his right to appeal, but the trial court later certified his right to appeal only on the denial of his Motion for New Trial.

4

deliberations to this matter." In support of these arguments, he cites to *Buentello v. State*, 826 S.W.2d 610, 614 (Tex. Crim. App. 1992). Hemmenway does not assert in his Motion for New Trial that Texas Rule of Evidence 606(b) is unconstitutional as applied to him.

In support of the Motion for New Trial, Hemmenway attached the affidavit of Brenna Hansen, the defense's private investigator. In Hansen's affidavit, she outlines conversations she had with four jurors. According to Hansen, one juror told her that four members of the jury "didn't believe Hemmenway was guilty, but they decided they could move forward with a guilty verdict when the group agreed to not give any jail time to Dallas Hemmenway." Another juror told her he "didn't think there was enough evidence from either side" and that "the jury did discuss punishment, but not for long." Two others reported to her the jurors wanted his punishment to be light and to "give him the full extent of parole."

On January 11, 2024, the trial court held a hearing on the Motion for New Trial. At the hearing, Hemmenway noted that he subpoenaed four jurors who participated in the deliberations to testify. The State objected to the jurors testifying under rule 606(b), which it claimed overrides *Buentello*. The State argued that the law is clear the only things jurors could testify to in post-conviction matters was (1) outside influence or (2) their qualifications to serve as jurors. The State asserted that none of the jurors would testify about those two things. Hemmenway agreed that the

5

jurors would not testify about outside influence, rather they would testify they made an internal agreement relating to punishment in exchange for a guilty vote.

The trial court noted and then read rule 606(b) into the record, which prohibits jurors from testifying about deliberations unless it was about outside influence or their qualifications. The trial court explained that because the jurors would not testify about those exceptions, it was sustaining the State's objection. The trial court then stated if the defense had a private investigator who talked to those jurors, it might allow that if the defense "can get over [a] hearsay [] exception" but if not, it would "allow a bill of proof as to what that witness would have to say." The State again objected, complaining that "regarding the investigator testifying regarding anything that the jurors said. As you just read at the end of 606(b)(1), it says: The court may not receive a juror's affidavit or evidence of a juror's statement on these matters[,]" and the investigator testifying would constitute evidence of what the jurors said. The trial court then responded that "we'll see how that unfolds . . . and I'll make my ruling from there."

Hansen began by testifying that she is a licensed private investigator who worked for the defense. She said that she called six jurors and spoke with five. When defense counsel asked if Hansen formed an opinion about whether the jurors followed the court's instructions to limit their deliberations to the issue of guilt and not punishment based on her interviews with the jurors, the State objected based on

6

606(b), again complaining that it was impermissible evidence of the juror's testimony. Defense counsel responded that he only asked Hansen if she formed an opinion, which the trial court allowed her to answer. Counsel then asked Hansen what her opinion was, and the State renewed its 606(b) objection, which the trial court sustained.

The defense then asked for permission to make an offer of proof, which the trial court allowed. According to Hansen, three of the five jurors she spoke with indicated they considered probation to get guilty votes, which was outside the scope of the guilt/innocence evidence. The defense also offered Hansen's affidavit attached to the Motion for New Trial outlining what the jurors said. The State again asserted a 606(b) objection, stating that the affidavit was evidence of a juror's testimony. The trial court sustained the State's objection but allowed the affidavit to be part of the offer of proof.

Before the hearing concluded, Hemmenway argued that "the jurors might have been compromised." Defense counsel stated he understood the reason behind rule 606(b) and why it exists but urged the court to consider it in part. He also noted that their objection to the rule was for the legislature not the Court. Hemmenway's Motion for New Trial was overruled by operation of law.[4]

---

[4]On January 17, 2024, by way of letter, the trial court indicated he was denying the Motion for New Trial; yet, it was denied by operation of law the day before. *See*

**ISSUES ONE AND TWO: MOTION FOR NEW TRIAL**

**Standard of Review and Applicable Law**

In issue one, Hemmenway contends the trial court erred in denying his Motion for New Trial because the jury entered into an improper agreement to find him guilty based on an agreement as to punishment during the guilt or innocence phase, constituting jury misconduct that affected the outcome of the case and resulted in an improper guilty verdict. In issue two, he argues the trial court committed reversible error in excluding evidence he offered at the hearing on the Motion for New Trial that would "indisputably" have established the jury only found him guilty because of an agreement regarding punishment, constituting reversible jury misconduct. We address these issues together.

We review a trial court's ruling on a motion for new trial for an abuse of discretion. *See Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014). "'We do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable.'" *Id.* (quoting *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006)). If no reasonable view of the record could support the trial court's ruling, then the trial court abuses its discretion.

---

Tex. R. App. P. 21.8 (requiring trial court to rule on a motion for new trial within seventy-five days after imposing sentence or it is denied).

*See id.* We examine the motion for new trial evidence in the light most favorable to the trial court's ruling. *See id.* As factfinder, the trial court is the sole judge of the witnesses' credibility on a motion for new trial with respect to affidavits and live testimony. *See Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). Accordingly, we must afford almost total deference to the trial court's express and implied findings of historical facts as well as mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *See id.* We apply this same deferential review to a trial court's determination of historical facts based solely on affidavits, regardless of whether the affidavits are controverted. *See id.* We likewise review a trial court's ruling on the admission or exclusion of evidence at a hearing on a motion for new trial for an abuse of discretion. *See Najar v. State*, 618 S.W.3d 366, 374 (Tex. Crim. App. 2021) (in the context of a motion for new trial stating that "the trial court would not have abused its discretion in disregarding affidavits as inadmissible under Rule 606(b)"); *Starz v. State*, 309 S.W.3d 110, 123 (Tex. App.— Houston [1st Dist.] 2009, pet. ref'd) (holding the trial court did not abuse its discretion in excluding certain evidence from motion for new trial hearing).

Rule 606(b) of the Texas Rules of Evidence provides:

(b) During an Inquiry into the Validity of a Verdict or Indictment.
(1) *Prohibited Testimony or Other Evidence*. During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict

9

or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

(2) *Exceptions.* A juror may testify:
   (A) about whether an outside influence was improperly brought to bear on any juror; or
   (B) to rebut a claim that the juror was not qualified to serve.

Tex. R. Evid. 606(b). Simply put, rule 606(b) provides only two exceptions for when a juror may testify in an inquiry about a verdict's validity: (1) to address an outside influence; or (2) to rebut a claim that the juror was unqualified to serve. *See id.* 606(b)(2).

As this Court previously explained, rule 606(b) means that "'jurors are no longer competent to testify that they decided the verdict by lot, that they decided the case based on another juror's incorrect statement of the law, or that they discussed the defendant's failure to testify and used that failure as a basis for convicting him.'" *State v. Krueger*, 179 S.W.3d 663, 666 (Tex. App.—Beaumont 2005, no pet.) (quoting *State v. Ordonez*, 156 S.W.3d 850, 852 (Tex. App.—El Paso 2005, pet. ref'd)); *see also Hines v. State*, 3 S.W.3d 618, 621 (Tex. App.—Texarkana 1999, pet. ref'd) (discussing interplay between rule 606(b) and Texas Rule of Appellate Procedure 21.3). The Court of Criminal Appeals has interpreted the phrase "outside influence" to mean "something originating from a source outside of the jury room *and* other than from the jurors themselves." *McQuarrie v. State*, 380 S.W.3d 145, 154 (Tex. Crim. App. 2012). "Therefore, Rule 606(b) inquiry is limited to that which occurs both outside of the jury room and outside of the jurors' personal knowledge

10

and experience." *Colyer*, 428 S.W.3d at 125. "To constitute 'outside influences,' the information must have come from a source outside the jury, *i.e.,* a non-juror who introduces information affecting the verdict." *Tinker v. State*, 148 S.W.3d 666, 673 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

## Analysis

During the hearing on Hemmenway's Motion for New Trial, the trial court read rule 606(b) into the record. The trial court relied on the rule when it sustained the State's objections to Hansen's affidavit and testimony, both of which attempted to circumvent rule 606(b)'s prohibition on evidence pertaining to jurors' statements during deliberation. When questioned by the trial court, Hemmenway's counsel agreed that the juror's statements regarding deliberations were unrelated to an outside influence.

Rule 606(b) prohibits a juror's statements "concerning any matter about which the juror would be precluded from testifying" from being admitted into evidence for the enumerated purposes. Tex. R. Evid. 606(b)(1). Through Hansen's affidavit and testimony, Hemmenway sought to introduce jurors' statements as evidence, which rule 606(b) expressly prohibits. *See id.* As relayed by Hansen's testimony and in her affidavit, the jurors' statements described their internal negotiations and deliberative process. These statements did not fall into either of rule 606(b)'s two enumerated exceptions as they did not address their qualifications nor

11

"something originating from a source outside of the jury room and other than from the jurors themselves." *McQuarrie*, 380 S.W.3d at 153 (discussing outside influence); *see also* Tex. R. Evid. 606(b)(2); *Colyer*, 428 S.W.3d at 125; *Tinker*, 148 S.W.3d at 673. Hansen's testimony and affidavit also constituted inadmissible hearsay, which the trial court alluded to during the hearing. *See* Tex. R. Evid. 802 (hearsay is generally inadmissible).

On this record, we hold the trial court did not abuse its discretion in excluding evidence of jurors' statements about their deliberative process that did not fall into rule 606(b)(2)'s enumerated exception for outside influence. Having properly excluded Hansen's testimony and affidavit, there was no competent evidence before the trial court that would support the motion for new trial based on juror misconduct. Therefore, we also hold that the trial court did not abuse its discretion in denying Hemmenway's Motion for New Trial based on juror misconduct where no admissible evidence supported it. We overrule issues one and two.

### ISSUE THREE: AS-APPLIED CONSTITUTIONAL CHALLENGE

In issue three, Hemmenway complains that Texas Rule of Evidence 606(b) is unconstitutional as applied to him in that it denied him due process of law to establish jury misconduct as contemplated by Texas Rule of Appellate Procedure 21.3(c) and (g). As relevant here, Texas Rule of Appellate Procedure 21.3(c) and (g) provide that a defendant must be granted a new trial "when the verdict has been decided by lot

or in any manner other than a fair expression of the juror's opinion;" or "when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial[.]" Tex. R. App. P. 21.3(c), (g).

During the hearing, Hemmenway argued:

[O]bviously, we think the jurors might have compromised. I know the Court has ruled on that. We believe the Court should still consider that at least in part. I understand what the rule is. I understand why it's there. We also instruct jurors that they're supposed to follow these rules or we might have to have another trial; so, I think we – if we're going to be serious about this, someday we ought to take that out of the instructions, because we're not – we're not doing that. But, either way, that's my objection to the legislature, not the Court.

Hemmenway's Motion for New Trial does not assert that rule 606(b) is unconstitutional as applied to him nor that its application denied him due process of law. Likewise, Hemmenway did not mention Texas Rule of Appellate Procedure 21.3 in the Motion for New Trial or during the hearing.

To preserve a complaint for appeal, a party must present it to the trial court with a "timely request, objection, or motion with sufficient specificity to make the trial court aware of the complaint[.]" Tex. R. App. P. 33.1(a)(1)(A). "'As applied' constitutional claims are subject to the error preservation requirement and therefore must be objected to at the trial court in order to preserve error." *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014) (citations omitted); *see Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (discussing as applied constitutional challenge and explaining that where appellant "failed to specifically

13

object that Article 37.071 violated the due course of law provisions of the Texas Constitution," it was not preserved); *Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994) (same).

Since Hemmenway did not complain in the trial court that rule 606(b) was unconstitutional as applied to him in that it denied him his right to due process law to establish jury misconduct as contemplated by Texas Rule of Appellate Procedure 21.3(c) and (g), we conclude he has failed to preserve this complaint for our review. *See* Tex. R. App. P. 33.1(a)(1)(A); *Reynolds*, 423 S.W.3d at 383; *Curry*, 910 S.W.2d at 496. We overrule issue three.

## CONCLUSION

Having overruled Hemmenway's issues, we affirm the trial court's judgment.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on October 16, 2025
Opinion Delivered January 21, 2026
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.