Affirmed and Memorandum Opinion filed May 17, 2007








Affirmed and Memorandum Opinion filed May 17, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00209-CR

NO. 14-06-00210-CR

____________

 

ERNESTO DAVID CIRLOS, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause Nos. 1035824
& 1035825

 



 

M E M O R A N D U M   O P I N I O N








In a single criminal action, appellant, Ernesto David
Cirlos, was found guilty by a jury of aggravated sexual assault of a child and
indecency with a child .[1]
 See Tex. Pen. Code Ann. '' 21.11(a)(1) & 22.021 (Vernon 2003).  Appellant
was sentenced by the jury to forty years= confinement in
the Institutional Division of the Texas Department of Criminal Justice for the
aggravated sexual assault conviction and fifteen years= confinement for
the indecency with a child conviction.[2] 
The trial court ordered the sentences to run consecutively. Appellant now
challenges both convictions on appeal.  We affirm.

Factual and Procedural Background

In the Spring of 2002, A. R. was a quiet, shy eight year
old girl.  At that time, A. R.=s best friend was N. J., who was a year
older.  The girls were neighbors in a north Houston trailer park for
approximately seven or eight months.  Appellant was also a resident of that
trailer park.

Appellant and A. R.=s mother agreed to
swap vehicles.  When the vehicle appellant swapped with A. R.=s mother was
repossessed, appellant agreed to pay A. R.=s mother money.[3] 
In the spring of 2002 A.R.=s mother asked A. R. to go to appellant=s trailer and ask
if appellant had the money he owed her for the vehicle.

Both A. R. and N. J. testified regarding the incident.  A.
R. testified that on the way to appellant=s trailer, she saw
N. J. and asked N. J. to accompany her on the errand.  Both girls knocked on
appellant=s door, which appellant opened.  When A. R. asked
about the money, appellant told her he had it, but it was in his room. 
Appellant had the girls come with him to his bedroom at the far end of the
trailer.








Once they entered the bedroom, appellant grabbed both girls
around their waists and threw them on the bed.  Appellant=s clothes were off
and he told the girls to remove their clothing.  A. R. complied because
appellant threatened to kill her family if she did not.  N. J. also had her
pants and underwear off.  A. R. saw appellant remove a circular piece of Aplastic@ from a package,
which appellant placed on his Aprivate part,@ which A. R.
described as looking like a Acucumber.@  Appellant then
placed his private part repeatedly in A. R.=s sexual organ,
causing her pain.  A. R. testified appellant eventually stopped and she noticed
a Awhite liquid@ inside the Aplastic@ as appellant took
it off.  Appellant also placed his mouth on A. R.=s and N. J.=s Aprivate parts@ and his hand on
N. J.=s private parts@.  Appellant then
hit A. R. on the cheek.  A. R. testified that the blow hurt, but did not cause
a bruise.  Both girls were crying and appellant told them to Ashut up.@  Someone then
knocked on the front door of appellant=s trailer and
appellant told the girls to get dressed.  Appellant then placed the girls in
the back yard of his trailer, told them to stay there, and again threatened to
kill their families.  At N. J.=s urging, the girls fled from appellant=s back yard.

A. R. went straight home but she wiped her tears before she
saw her mother.  Once she entered their trailer, she went straight to the
restroom and did not discuss the abuse because she believed appellant=s threats.  In the
restroom, A. R. noticed blood in her panties as she continued to cry.

A. R. did not disclose the attack until April 2005.  A. R.=s sister was
teasing A. R. that she might be pregnant because there were Aa lot of cats
around.@  A. R., fearing
she might be pregnant because of the incident years earlier, finally told her
mother about the assault.  A. R.=s mother called
the police and took A. R. to Texas Children=s Hospital.  Dr.
Donna Mendez testified about her examination of A. R.  Dr. Mendez testified the
physical examination revealed no evidence of sexual trauma.  Dr. Mendez also
testified such a finding is not unusual when the physical examination is so far
removed from the assault.  N. J. did not disclose her knowledge about the
incident until approached by the Houston Police officer investigating A. R.=s complaint.  








During the trial, A. R.=s mother, Lydia,
testified regarding A. R.=s reactions to viewing a photo array of
appellant and seeing appellant in the courtroom the morning the trial started. 
Lydia testified A. R. appeared upset and she Afreaked a little
bit@ when she viewed
the photo array.  Over appellant=s objection, Lydia
testified that when A. R. saw appellant in the courtroom the day the trial
commenced, A. R. was scared, did not want to get up from her chair, and refused
to look at appellant.

In addition to testifying about alleged long term sexual
abuse by appellant, N. J. testified regarding the events underlying this
appeal.  N. J. remembered an incident with A. R. that occurred in appellant=s trailer.  N. J.
testified appellant asked them if they wanted to play hide and seek.  The two
girls agreed and appellant turned off the lights.   The girls then hid in
appellant=s closet where appellant discovered them.  N. J.
testified that appellant then Apicked [them] up and threw [them] to the
bed.@  N. J. then
testified that appellant started tickling them and then got on top of N. J. 
Appellant then got on top of A. R.  N. J. Ajumped on
[appellant] and told him to get off@ of A. R. 
Appellant then moved and proceeded to touch N. J. on her sexual organ with his
hand and then touched both complainants= sexual organs
with his mouth.  N. J. testified they eventually ran outside.    

In cause number 1035825, the jury found appellant guilty of
aggravated sexual assault of a child and assessed appellant=s punishment at
forty years= confinement and a $10,000 fine.  The jury also found
appellant guilty of indecency with a child in cause number 1035824 and assessed
punishment at fifteen years= confinement and assessed a fine of
$10,000.  The State filed a motion for appellant=s sentences to run
consecutively pursuant to Texas Penal Code Section 3.03(b)(2).   Appellant
objected to serving the sentences consecutively as it would violate his state
and federal constitutional rights to a trial by jury and protection against
cruel and unusual punishment.  The trial court overruled appellant=s objections,
granted the State=s motion, and ordered that appellant would
not begin serving his sentence on cause number 1035825, the aggravated sexual
assault charge, until he had completed serving his sentence on cause number
1035824, the indecency with a minor charge.  This appeal followed.








Discussion

Appellant filed a separate appeal for each conviction. 
However, the first three issues are identical in both appeals. In appellate
cause number 14-06-00210-CR, trial court cause number 1035825, the aggravated
sexual assault of a child conviction, appellant raises a fourth issue not found
in his other brief.  We address the common issues in both appeals together.

A.      Is the
Evidence Legally Sufficient to Support Appellant=s Convictions?

In his first issue in both appeals, appellant argues the
evidence is legally insufficient as, in appellant=s view, the two
complainants= testimony incriminating him was not credible. 
Appellant also asserts this lack of credibility is reinforced by the lack of
evidence, including physical evidence, corroborating the girls= testimony
regarding the incident.  While recognizing the general rule that appellate
courts do not review the credibility of witnesses, appellant asks this court to
set this well-established rule aside and engage in a re-evaluation of the
witnesses= credibility.  We decline this invitation.

1.       The
Standard of Review








In a legal sufficiency review, we view all the evidence in
the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct.
2781, 2789, 61 L.Ed.2d 560 (1979); Salinas v. State, 163 S.W.3d 734, 737
(Tex. Crim. App. 2005).  The jury, as the sole judge of the credibility of the
witnesses, is free to believe or disbelieve all or part of a witness=s testimony.  Jones
v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  This standard gives
full play to the responsibility of the trier of fact to resolve any conflicts
in the testimony, to weigh the evidence, and to draw reasonable inferences from
basic facts to ultimate facts. Jackson, 443 U.S. at 319, 99 S.Ct
at 2789.  Reconciliation of conflicts in the evidence is within the jury=s discretion, and
such conflicts alone will not call for reversal if there is enough credible
evidence to support a conviction.  Losada v. State, 721 S.W.2d 305, 309
(Tex. Crim. App. 1986).  An appellate court may not re-evaluate the weight and
credibility of the evidence produced at trial and in so doing substitute its
judgment for that of the fact finder.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000).  Inconsistencies in the evidence are resolved in favor
of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App.
2000).  Through a legal sufficiency review, we ensure only that the jury
reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex.
Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d).

          2.       The
Evidence is Legally Sufficient

Here, appellant was charged with two offenses: aggravated
sexual assault of a child and indecency with a child.  In a legal sufficiency
review, we determine only whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Cardenas v.
State, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000).  To establish the offense
of aggravated sexual assault of a child, the State must prove appellant
intentionally or knowingly caused the penetration of the sexual organ of a
child by any means, and the victim was younger than fourteen years of age.  Tex. Penal Code Ann. ''
22.021(a)(1)(B)(i), 22.021(a)(2)(B) (Vernon 2003).  To establish the offense of
indecency with a child, the State must prove appellant engaged in sexual
contact with a child younger than seventeen years of age and that appellant is
not the person=s spouse.  Tex.
Penal Code Ann. ' 21.11(a)(1).

The State presented two complainants who witnessed the same
event.  A. R. and N. J. experienced appellant=s sexual abuse
together and their testimony, laid out above, was consistent about the
incident.  This evidence, the testimony of the complainants describing 








the
event, standing alone, is sufficient to support appellant=s convictions.[4] 
See Lane v. State, 174 S.W.3d 376, 386 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d) (concluding that, because the
complainant was able to describe the sexual contact, the location where the
contact occurred, and her statements were consistent with the statements she
made at the Children=s Assessment Center, her testimony was
sufficient to support the conviction); see also Jensen v. State, 66
S.W.3d 528, 534 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (AThe testimony of a
victim, standing alone, even when the victim is a child is sufficient to
support the conviction for sexual assault.@).  Appellant also
argues the lack of physical evidence corroborating A. R.=s allegation makes
the evidence supporting the aggravated sexual assault charge legally
insufficient.  However, physical evidence is not required when the Acomplainant
provided ample testimony to show  a sexual assault occurred.@  Tinker v.
State, 148 S.W.3d 666, 669 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  Here, as detailed above, A. R. provided ample testimony
showing a sexual assault occurred and N. J.=s testimony
establishes appellant made sexual contact with her.  The jury is the exclusive
judge of the credibility of the witnesses and the weight to be given their
testimony.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App.
2000).  A rational jury could have concluded that the complainants= testimony alone
established the essential elements of the two charges.  Therefore, we hold the
evidence is legally sufficient to establish appellant=s guilt.  We
overrule appellant=s first issue.

B.      Is the
Evidence Factually Sufficient to Support Appellant=s Convictions?








In his second issue, appellant argues the evidence is
factually insufficient because the  complainants= testimony
incriminating him is not credible.  In support of this contention, appellant
points to the following evidence: (1) the testimony regarding the lack of
screaming or yelling emanating from appellant=s trailer; (2) A.
R.=s mother=s testimony that
she did not notice that A. R. had any bruises on her face or that her clothes
were messed up when she returned from appellant=s trailer after
asking about the money; (3) the lack of physical evidence supporting
complainants= testimony; and (5) A. R.=s delay in
reporting the assault, was, according to appellant, Ainherently
suspicious.@ 

1.       The
Standard of Review

 In
a factual sufficiency review, we consider all the evidence in a neutral light. 
Prible v. State, 175 S.W.3d 724, 730B31 (Tex. Crim. App. 2005).  The
evidence may be factually insufficient in two ways.  Id.  First,
when considered by itself, evidence supporting the verdict may be so weak the
verdict is clearly wrong and manifestly unjust.  Id. at 731.  Second,
where the evidence both supports and contradicts the verdict, the contrary
evidence may be strong enough that the beyond-a-reasonable-doubt standard could
not have been met.  Id.  Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the weight and credibility
given to any witness=s testimony. Cain v. State, 958
S.W.2d 404, 408B09 (Tex. Crim. App. 1997).  In addition, the jury may believe or
disbelieve all or part of any witness=s testimony. Jones
v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  Reconciliation of
any conflicts in the evidence falls within the exclusive province of the jury. Heiselbetz
v. State, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995).   Finally, our analysis must consider
the evidence appellant claims is most important in allegedly undermining the
jury=s verdict.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

2.         The Evidence is Factually
Sufficient








Appellant
argues the evidence is factually insufficient because the complainants= testimony recounting his unlawful
acts is not credible.  The jury is the exclusive judge of the credibility of
the witnesses and the weight to be given their testimony.  Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  The jury is free to believe any or all
of the testimony of the State=s witnesses.  Cole v. State, 194 S.W.3d 538,
551 (Tex. App.CHouston [1st Dist.] 2006, pet. ref=d).  If there is evidence that establishes
guilt beyond a reasonable doubt and the jury believes that evidence, we may not
reverse the conviction unless it is manifestly unjust.  Prible, 175
S.W.3d at 731.  The jury=s decision is not manifestly unjust merely
because the jury resolved conflicting views of the evidence in favor of the
State.  Cain, 958 S.W.2d at 410.  Here, the jury heard the complainants= testimony
recounting appellant=s acts, which is detailed above, and
determined appellant was guilty of aggravated sexual assault of a child and
indecency with a child. 
The complainants= testimony, when
viewed in a neutral light and standing by itself, is sufficient evidence to
establish appellant=s guilt beyond a reasonable doubt.  See
Lane, 174 S.W.3d at 386; see also Jensen, 66 S.W.3d at 534. 
Accordingly, the jury=s guilty verdicts are not clearly
wrong and manifestly unjust. 








The allegedly contrary evidence pointed out by appellant
does not change this result.  Initially, appellant points to the lack of
physical evidence of a sexual assault on A. R.[5] 
Appellant also points to testimony by A. R.=s mother and
appellant=s brother regarding the lack of screaming and yelling
emanating from appellant=s trailer.  A. R.=s mother testified
(1) that her trailer was approximately thirty feet from appellant=s trailer; (2) you
would be able to  hear screaming and yelling coming from inside appellant=s trailer in her
trailer; and (3) she did not hear any screaming or yelling from appellant=s trailer the day
she sent A. R. to appellant=s trailer.  Appellant=s brother, Anthony
Cirlos, testified (1) he lived approximately twenty feet from appellant=s trailer; (2)
that he could see appellant=s trailer as well as the people coming and
going from appellant=s trailer from his residence; (3) there
were usually people present at his residence both day and night; and (4) if
there was screaming and yelling emanating from appellant=s trailer it could
be heard in his residence.[6] 
Appellant next points our attention to A. R.=s mother=s testimony that
she did not notice that A. R. had any bruises on her face or that her clothes
were messed up when she returned from appellant=s trailer after
asking about the money.[7] 
Finally, appellant emphasizes A. R.=s delay in
reporting the sexual assault.[8] 
The jury heard this evidence, considered the inconsistencies, if any, and still
determined that appellant was guilty of aggravated sexual assault of a child
and indecency with a child.  Considering all of the evidence in the case in a
neutral light, and
deferring to the jury=s role as the sole judge of the weight and credibility given
to the witnesses= testimony, we cannot conclude that the contrary evidence
pointed out by appellant is strong enough that the beyond-a-reasonable-doubt
standard could not have been met.

As the evidence is factually sufficient to support appellant=s conviction, we
overrule appellant=s second issue.

C.      Did the
Trial Court Abuse Its Discretion When it Admitted Testimony Regarding A. R.=s Fear of
Appellant?








In his third issue, appellant argues the trial court abused
its discretion when it allowed the State to present testimony by A. R.=s mother that A.
R. acted afraid of appellant when she saw him in court prior to the start of
the trial.  Appellant does not argue on appeal that the contested evidence is
not relevant, but instead contends it was unfairly prejudicial and should have
been excluded under Rule 403 of the Texas Rules of Evidence.  Tex. R. Evid. 403.   

1.       The
Standard of Review

A trial court=s ruling on a Rule
403 objection will not be overturned absent an abuse of discretion.  State
v. Mechler, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).  The rationale for
this broad discretion is twofold.  First, Rule 403's language that relevant
evidence may be excluded if its probative value is substantially outweighed by
the danger of unfair prejudice displays the drafters= intent to vest
the trial court with substantial discretion.  Id. at 439.  Second, the
trial court is in a superior position to evaluate the impact of the evidence
than an appellate court reviewing only a transcript.  See id.; Montgomery
v. State, 810 S.W.3d 372, 378B79 (Tex. Crim.
App. 1990).  Unlike the trial court, an appellate court cannot weigh on appeal
the intonation and the demeanor of the witnesses preceding the testimony in
issue, nor can an appellate court determine the emotional reaction of the jury
to other pieces of evidence or judge the success of impeachment by
cross-examination through observation of the jurors.  Montgomery, 810
S.W.3d at 379.  The test for whether a trial court abused its discretion is
whether the action was arbitrary or unreasonable, and we must uphold the
admissibility decision when it is within the zone of reasonable disagreement.  Mechler,
153 S.W.3d at 439B40.  The opponent of the evidence has the
burden to demonstrate that the prejudicial effect substantially outweighs the
probative value of the evidence.  Montgomery, 810 S.W.2d at 377.

2.       Application
of Rule 403








Under Texas Rule of Evidence 401, evidence is relevant if
it has any tendency to make the existence of any fact of consequence to the
determination of the action more or less probable than it would be without the
evidence.  Tex. R. Evid. 401. 
There is a presumption of admissibility of relevant evidence.  See Tex. R. Evid. 402; Erazo v. State,
144 S.W.3d 487, 499 (Tex. Crim. App. 2004).  Relevant evidence may still be
excluded by the trial court under Rule 403 Aif its probative value
is substantially outweighed by the danger of unfair prejudice, confusion of the
issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence.@  Tex. R. Evid. 403.  When a trial court
balances the probative value of the evidence against the danger of unfair
prejudice, a presumption exists that favors the evidence=s probative
value.  Feldman v. State, 71 S.W.3d 738, 754B55 (Tex. Crim.
App. 2002).  The relevant criteria for determining whether the prejudice of
admitting the evidence substantially outweighs the probative value include the
following: (1) the probative value of the evidence; (2) the potential the
evidence has to impress the jury in an irrational but nevertheless indelible
way; (3) the time needed to develop the evidence; and (4) the proponent=s need for the
evidence to prove a fact of consequence.  Mechler, 153 S.W.3d at 440. 
If the record reveals one or more of these considerations led to a risk that
the probative value of the evidence was substantially outweighed by the danger
of unfair prejudice, then an appellate court should conclude the trial court
abused its discretion in admitting the evidence.  See Reese v. State, 33
S.W.3d 238, 241 (Tex. Crim. App. 2000).

a.       Probative
Value








We start with an examination of the probative value of the
evidence.  The State asserts A. R.=s mother=s testimony that
A. R. was afraid when she saw appellant the morning the trial began was
introduced to rebut appellant=s defensive theory that the complainants
and A. R.=s mother recently fabricated the allegations of sexual
abuse as revenge for appellant=s dishonest conduct in the aborted automobile
swap, as well as appellant=s paying N. J.=s mother for sex. 
The State argues appellant=s opening statement as well as his
questioning of Officer Joseph Roscoe, the investigating officer from the
Houston Police Department, about A. R.=s lack of
understanding of sexual intercourse and her emotional reaction during her
examination of a photo array of appellant, all suggesting the complainants were
lying, opened the door to admissibility of A. R.=s mother=s testimony. 
Because relevant evidence may be admitted to rebut a defensive theory, we agree
with the State that A. R.=s mother=s testimony is
highly probative.  See Moses v. State, 105 S.W.3d 622, 626 (Tex. Crim.
App. 2003) (stating that rebuttal of a defensive theory is one of the
permissible purposes for which relevant evidence may be admitted under Texas
Rule of Evidence 404(b)).

b.       Indelible
Impression

The second criteria used to determine whether the prejudice
of admitting the evidence substantially outweighed the probative value is
whether the evidence has the potential to impress the jury in an irrational but
nevertheless indelible way.  Rule 403 does not exclude all prejudicial
evidence, if it did, all of the State=s evidence would
be excluded as that is the  purpose behind all of the State=s evidence. 
Instead, Rule 403 focuses only on the danger of unfair prejudice and the
tendency to tempt the jury into finding guilt on grounds apart from proof of
the offense charged.  Mechler, 153 S.W.3d at 440.  While the testimony
was certainly prejudicial to appellant, it directly rebutted appellant=s defensive theory
that the charges were recently fabricated for revenge against appellant for his
prior actions.  In addition, A. R. testified during trial immediately following
her mother=s testimony.  In his brief, appellant asserts that
during her testimony,  A. R. did not exhibit any fear.  As the jury had an
opportunity to view A. R. on the witness stand, we find that this contested
testimony does not have a great potential to impress the jury in an irrational
way and would not tempt the jury into a finding of guilt on improper grounds.

c.       Time to
Develop

The third criteria used to determine whether the prejudice
of admitting the evidence substantially outweighs the probative value is the
amount of time needed to develop the contested evidence, during which the jury
will be distracted from the indicted offense.  Id. at 441.  The time
involved in the disputed testimony was short, encompassing just over two pages
in the reporter=s record of the trial, and was thus
unlikely to distract the jury from considering the charged offense.  We find
that this factor does not weigh against admitting the evidence.








d.       The Need
for the Evidence

The last factor used to determine whether the prejudice in
admitting the evidence substantially outweighs the probative value focuses on
the proponent=s need for the evidence to prove a fact of
consequence.  This factor encompasses whether the proponent has other evidence
establishing this fact and whether this fact is related to a disputed issue.  Id. 
The contested testimony was certainly related to a disputed issue: did the
complainants and A. R.=s mother recently fabricate the
allegations against appellant.  The State also demonstrated a need for the
evidence: to rebut appellant=s recent fabrication allegations.  It is a
closer call whether the State had other evidence addressing appellant=s theory that the
allegations were  a recent fabrication thus mitigating their need for the
contested testimony by A. R.=s mother.  A. R.=s mother and
appellant both testified that the van transaction situation had been resolved
long before the allegations were made against appellant.  However, on
cross-examination, A. R.=s mother also testified that she was not
happy with appellant when the van was repossessed and that she felt she had
been taken advantage of by appellant.  Faced with this conflicting evidence, we
hold that the State needed the contested testimony to rebut appellant=s defensive theory
that the allegations against appellant had been recently fabricated.

Evaluating the above four factors and balancing the
prejudicial nature of the evidence against its probative value, we conclude the
probative value of the evidence is not substantially outweighed by its
prejudicial effect.  Accordingly, the trial court did not abuse its discretion
by allowing A. R.=s mother to describe A. R.=s emotional
reaction to seeing appellant the morning the trial started.  Therefore, we
overrule appellant=s third issue on appeal.

D.      Did the
Trial Court Err When it Cumulated Appellant=s Sentences
Without Presenting a Special Issue to the Jury?








In his appeal from his aggravated sexual assault of a child
conviction, appellate cause number 14-06-00210-CR, appellant raises a fourth
issue.  Appellant argues the trial court violated his constitutional right to a
jury trial when it cumulated his sentence for aggravated sexual assault of a
child with his sentence for indecency with a child without submitting the issue
to the jury.  In Barrow v. State, the Court of Criminal Appeals recently
addressed this issue under almost identical facts.  Barrow v. State, 207
S.W.3d 377, 379B80 (Tex. Crim. App. 2006).  The Court of
Criminal Appeals held Athat placing the decision whether to run
multiple sentences concurrently or consecutively with the trial court instead
of the jury does not violate the Sixth Amendment right to a jury trial.@  Id. at
380.  Accordingly, we overrule appellant=s fourth issue on
appeal.

Conclusion

Having overruled each of appellant=s issues on
appeal, we affirm the judgment of the trial court.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Opinion filed May 17, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  The charges grew out of a single criminal episode
that involved two children.  The aggravated sexual assault charge was brought
in cause number 1035825, while the indecency with a child charge was brought in
cause number 1035824.





[2]  Appellant was also fined $10,000 in each case.





[3]  During trial appellant testified (1) he still owed
money on the van when the swap was arranged; (2) he did not disclose that fact
to A. R.=s mother; (3) he stopped making the payments on the
van after making the swap; and (4) he did not offer A. R.=s mother any money until after the van had been
repossessed.  On cross-examination, appellant admitted the deal was dishonest.





[4]  Appellant testified he was not married to either
complainant.  In addition, both appellants testified to their ages: A. R. was
12 at the time of the trial and N. J. turned 13 during the course of the trial.





[5]  In addition to the testimony pointed out by appellant, Dr. Mendez
testified that the lack of physical evidence of a sexual assault is not unusual
when, as was the case here, the physical examination occurs long after the
assault.  The jury was free to accept Dr. Mendez=s explanation and discount the lack of physical
evidence as the natural result of the passage of time.  Also, physical evidence is not required when the Acomplainant provided ample
testimony to show  a sexual assault occurred.@  Tinker v. State, 148 S.W.3d 666, 669 (Tex.
App.CHouston [14th Dist.] 2004, no
pet.). 





[6]  Even if the jury credited this testimony, it could have determined that
this testimony did not conflict with the complainants= accounts of the sexual abuse as it
establishes only that (1) A. R.=s mother heard no screaming or yelling that day; and (2) that it was
possible to hear screaming and yelling emanating from appellant=s trailer in Anthony Cirlos=s residence.  In addition, the jury
could have discounted this evidence because neither complainant testified she
yelled or screamed during the sexual abuse, but only that they cried. 





[7]  While A. R.=s mother did testify to that
effect, she also testified that she did notice that A. R.=s hair was somewhat messed up and
that A. R. went straight to the restroom upon her return to her trailer. The
jury could have believed A. R.=s testimony that while appellant had struck her, it was not hard enough
to leave a bruise, and that she believed appellant=s threats against her and her
family and inferred that she did her best to avoid revealing what had happened
in appellant=s trailer by straightening her
clothes prior to entering her trailer and then entering the restroom
immediately upon her return home in an effort to further compose herself.  





[8]  The jury could have discounted this evidence as they
could have accepted A. R.=s testimony that appellant threatened to kill A. R.
and her family if she revealed the sexual assault, that she believed appellant=s threat, and inferred that A. R. delayed reporting
the assault for that reason.